The opinion of the Court was delivered by

Mr. Justice Gantt:

Possession of a chattel is in law prima facie evidence tha*' it is accompanied with the right of property; but presumption may be rebutted by higher and better evidence. I hold it tobe a correct and well established principle that the owner of a chattel may make a qualified contract respecting it, and in parting with ■ the possession, still retain his right of property therein.
It holds good in all cases of bailment where the, posses- or has only a qualified right, the absolute right of property being in the bailor: so too with respect to contracts of sale, the}may be either absolute or qualified. , It is not only-a principle of justice, but a principle of law, that the subject matter of the contract may be made a collateral guarantee of its fulfilment. Hence it is competent for the seller to secure himself by taking a mortgage of the thing sold; a very common case and respecting which no doubt can be entertained but that the lien attaches upon the mortgaged goods, into whose hands soever they may come. Haney by the terms of his contract with Dupree, acquired no present ownership in the horse; this investiture of right depended upon a future contingency, viz:‘ his paying on the day fixed on, one half the whiskey; till then he had but a right of possession — at any rate the stipulation in the contract shews that the horse was by their agreement to remain a guarantee to Dupree the seller, that the terms of sale Would be complied with; and in default, that his ownership and *393 eontroul was to remain unimpaired by the contract. The defendant’s intestate knew this, and knowing it, agreed to comply with the terms of Haney’s contract. He purchased with a full knowledge of all the circumstances attending the first contract and placed himself precisely in Haney’s situation as to the light which he acquired. Among creditors, he who sells ,a chattel and looks to it as the indemnity which is to secure him in the sum agreed to be paid, is certainly more to be favoured than one who may or may not have trusted upon the presumption of the right of property being in the possessor.
Thompson, for motion
Clcndenin and-contra.
in this case, I think that Haney acquired no immediate right to the horse which he obtained possession of by the contract, but it depended upon a contingency, to wit, his paying the whiskey; and failing therein, Dupree was privileged by the contract to take back his horse; a right reserved at the time of the contract. Kendrich placed himself in Haney’s shoes, and the defendant Harrington, in taking the horse from Du-pree, subjected himself in law to the action brought against him, I think that the decree should be set aside, and the case reinstated on the docket.
Colcock, Richardson, Huger, and Johnson, Justices, concurred.